O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **MARCO ANTONIA GARCIA, ET AL.**<br><br>    **Plaintiffs,**<br><br><br>    vs.<br><br><br>**UNITED STATES OF AMERICA, ET AL.**<br><br>    **Defendants.** | **Case No.: SACV 09-1169-DOC (RNBx)**<br><br><br><br>**ORDER RE: MOTIONS IN LIMINE [360-372] [375] [378] [381] [383]** |

Having heard argument at the Final Pretrial Conference on July 15, 2015, the Court hereby issues the following orders regarding the pending Motion in Limine.

First, Plaintiffs' five unopposed motions (Dkts. 361, 362, 366, 367, 383) are **GRANTED** as unopposed, acknowledging Defendants' reservation of rights.

Plaintiffs' Motion in Limine (#1) to Exclude Testimony and Evidence of Pay-Owe Sheets, Money Wraps, Food Savers and Other Indicators of a Money Packaging Operation and Bank Statements (Dkt. 371) is conditionally **DENIED**; the evidence may only be admissible if the Government is able to establish by sufficient proof that the relevant law enforcement agencies had possession of the evidence at issue prior to Marco Antonio Garcia's ("MAG") arrest – thereby supporting an inference that it was relied upon to support probable cause. Fed. R. Evid. 104(b).

Plaintiffs' Motion in Limine (#2) to Exclude Testimony and Evidence Regarding the Employment Development Department's Response to USA's Inquiry re: Employment History of Plaintiff Marco Antonio Garcia (Dkt. 375) is **DENIED**. The evidence could bear on whether law enforcement had probable cause to arrest MAG.

Plaintiffs' Motion in Limine (#3) to Exclude Opinion Testimony of Prosecutor Carmen Luege (Dkt. 360) is **GRANTED**. Luege's *subjective* opinion regarding whether probable cause existed is not probative of the *objective* question of whether probable cause existed, an issue that the jury must decide based upon the disputed facts. As to qualified immunity, the evidence still only goes to Luege's subjective opinion as to probable cause, and so it would not be probative as to a hypothetical reasonable officer's belief that probable cause existed. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987) ("The relevant question in this case, for example, is the objective (albeit fact-specific) question whether a reasonable officer could have believed Anderson's warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed. Anderson's subjective beliefs about the search are irrelevant.").

1  Plaintiffs' Motion in Limine (#5) to Exclude Expert Testimony of Mark Mills, J.D. Re:
2 Psychological Damage (Dkt. 378) is **HELD IN ABEYANCE** pending the introduction of
3 MAG's emotional distress evidence. Defendants shall withhold any reference to Dr. Mills's
4 anticipated testimony from the Opening Statement and subsequent witness examinations (or
5 cross-examinations) until after MAG presents his evidence as to MAG's alleged damages. This
6 issue will be addressed prior to Dr. Mills's testimony, if any.

7  Plaintiffs' Motion in Limine (#8) to Bar Reference or General Argument that Seeks to
8 "Vouch For" and/or "Heroize" Federal Agents, Officers and Law Enforcement In General (Dkt.
9 372) is **DENIED** as overly general.

10  Plaintiffs' Motion in Limine (#9) to Exclude Evidence and Testimony that Plaintiff is
11 Suing both the United States of America and Agent Ray Escobar (Dkt. 364) is tentatively
12 **GRANTED**. The relevance of referencing the FTCA claim is limited to a circumstance where
13 MAG implies that his only remedy is against S/A Escobar. If Plaintiff makes such a reference,
14 this evidence may become relevant, and Defendants may seek to admit it then.

15  As to Plaintiffs' Motion in Limine (#10) to Exclude Reference that Attorney Ruben J. L.
16 Salgado Misrepresented Marco Antonio Garcia in the Criminal Proceedings (Dkt. 365), the
17 Court is concerned that the testimony that Mr. Salgado's representation was somehow
18 insufficient lacks foundation. In addition, getting into the details of what information was
19 available to him and what was not could be highly consumptive of time. If the Government
20 believes that this information goes to mitigation of damages or is an intervening cause of the
21 detention, they should first establish to the Court that there was something MAG could have
22 done to reduce his stay in jail, or Salgado did something to extend his stay. *Pool v. City of*
23 *Oakland*, 42 Cal. 3d 1051, 1067 (1986) ("Safeway presented no evidence to support its theory
24 that a phone call would have shortened Pool's stay in jail. Therefore, the jury would have had
25 no means of determining whether, and to what extent, a phone call would have reduced Pool's
26 damages. Accordingly, Safeway was not entitled to a mitigation of damages instruction.").

Therefore, this motion is **HELD IN ABEYANCE**. The parties may renew this issue at a later date before the Court.

Plaintiffs' Motion in Limine (#13) to Exclude Evidence of Unclean Hands, Waiver of Estoppel and/or Laches (Dkt. 369) is **GRANTED**. The defenses are inapplicable. As to unclean hands, the fact that MAG now believes the individuals to whom he rented a room may have been involved in crimes alleged in MAG's indictment does not imply wrongful conduct by MAG with regards to his arrest without probable cause, nor that it prejudicially affected the government so that it would be inequitable to grant MAG relief. The evidence also does not support the elements of the other defenses presented, and therefore the evidence supporting these defenses should not be admitted absent an independent relevance theory, discussed above.

Defendants' Motion in Limine to Exclude Testimony of Erik Gantzel (Dkt. 368) is **DENIED**. Gantzel certified the Government's discovery responses as true and correct; it is incongruous to now state that he lacks any personal knowledge.

Defendants' Motion in Limine to Exclude Evidence or Argument Regarding Matters Occurring after the Initial Appearance of Plaintiff Marco Antonio Garcia (Dkt. 370) is **DENIED**. It appears at least part of the Luege Notes, the subject of this motion, will be admissible for impeachment or other purposes, and therefore will not be excluded wholesale before trial. Because the request is so broad, the Motion is denied subject to renewal by Defendants if Plaintiffs attempt to use the evidence for an improper purpose.

Defendants' Motion to Exclude Evidence of Damages for Alleged False Arrest Arising Subsequent to Indictment (Dkt. 372) is **DENIED**. The applicable law does not implicate the *Bivens* claim, and is limited to damages for MAG's false arrest (FTCA) claim. The Court will address the damages issue and any potential legal limitations to recovery in its findings of fact and conclusions of law following the bench trial of the FTCA claims. Evidence of damages subsequent to indictment may be presented to the jury.

Defendants' Motion in Limine to Preclude Plaintiffs, Other than MAG, from Presenting their Federal Tort Claims Act Claims in Front of the Jury (Dkt. 381) is **GRANTED IN PART**.

Plaintiffs other than MAG will present any evidence concerning their damages exclusively to the Court. Defendants' request to otherwise bifurcate the liability from damages phase of the trial is **DENIED**.

DATED: July 21, 2015

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE